PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2002 Ford F-150 traveled over wet paint while they were traveling on Route 21 near Sissonville, Kanawha County. Route 21 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 10:00 a.m. and 12:30 p.m. on May 24, 2005. Route 21 is a two-lane highway at the area of the incident involved in this claim. Chad Haynes testified that he and his wife were delivering mail near Sissonville and that they had to cross the white line lane marker along the edge of the pavement surface to get to the mail boxes. He stated that there was no indication, no signs and no traffic cones, of wet paint on the roads. He further stated that he never saw any workmen on Route 21 painting lines. Mr. Haynes testified that he could tell that the lines had been recently painted but there was no indication of when they were painted. Claimants first noticed that paint had gotten on their truck after they were finished delivering all the mail. Tracy Haynes testified that the paint was splashed on both doors on the passenger side, behind the rear tire, and in the fender wells. Claimants’ vehicle sustained damage totaling $2,045.90.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 21 at the site of the claimants’ incident for the date *145 in question. Respondent indicated to the Court at the hearing of this matter that it had subcontracted this line painting project on Route 21; however, the Court is aware that contracts with respondent for highway related projects have a hold-harmless clause, and that the subcontractor is ultimately responsible for any compensation that is granted against respondent. Respondent did not present any witnesses or evidence at the hearing of this matter.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Atkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the recently painted white line lane markers which claimants’ vehicle struck and that the paint presented a hazard to the traveling public. That there were no warning signs or indicators of fresh paint on the road leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in this claim in the amount of $2,045.90.
Award of $2,045.90.